UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CASSANDRA SANTIAGO, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>ENHANCED RECOVERY COMPANY, LLC,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

   CASSANDRA SANTIAGO
   339 Fox Run Circle
   Egg Harbor Township, New Jersey 08234

   ENHANCED RECOVERY COMPANY, LLC
   4800 Spring Park Road
   Jacksonville, Florida 32207

**PRELIMINARY STATEMENT**

2. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, ENHANCED RECOVERY COMPANY, LLC ("ERC") and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d). This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Ocean County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. ERC maintains a location at 4800 Spring Park Road, Jacksonville, Florida 32207.

8. ERC uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. ERC is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from ERC which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

   b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class

member. These common questions of law and fact include, without limitation:

    i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

    ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not

otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to January 13, 2021, Plaintiff allegedly incurred a financial obligation to SPRINT, subsidiary of T-MOBILE ("SPRINT").

19. The SPRINT obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the SPRINT obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The SPRINT obligation did not arise out of a transaction that was for non-personal use.

22. The SPRINT obligation did not arise out of transactions that were for business use.

23. The SPRINT obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. SPRINT is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. On or about January 13, 2021, SPRINT or its agent referred the SPRINT obligation to ERC for the purpose of collection.

26. Defendant caused to be delivered to Plaintiff a letter dated January 13, 2021, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

27. The January 13, 2021 letter was sent to Plaintiff in connection with the collection of the SPRINT obligation.

28. The January 13, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. The January 13, 2021 letter was the initial written communication that Plaintiff received from ERC regarding the SPRINT obligation.

30. No other written communication was received by Plaintiff from ERC within five days of the January 13, 2021 letter regarding the SPRINT obligation.

31. Upon receipt, Plaintiff read the January 13, 2021 letter.

32. The January 13, 2021 letter provided the following information regarding the balance claimed due on the SPRINT obligation:

> Amount of Debt: $2,235.53

33. The January 13, 2021 letter offered to settle the SPRINT obligation for $1,117.77, approximately 50% of the total balance claimed due.

34. On the front side of the January 13, 2021 letter, it stated in part:

> Upon completion of the settlement agreement, all future collection efforts will cease, and the residual balance will remain with Sprint.

35. The least sophisticated consumer would be confused by Defendant's statement that "the residual balance will remain with Sprint."

36. Plaintiff understood Defendant's statement to mean that the residual balance was still owed to SPRINT.

37. If Plaintiff were to try to establish an account with SPRINT in the future (after accepting and completing Defendant's settlement agreement), SPRINT would require that the residual balance be paid before establishing a new account.

38. Defendant's January 13, 2021 letter does not advise Plaintiff of that material term.

39. In addition, the January 13, 2021 letter stated in part:

> When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic funds transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic funds transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

40. The least sophisticated consumer would reasonably infer that in making this statement Defendant is reserving the right to process any check on the date of receipt as an "electronic fund transfer" irrespective of whether the check was postdated.

41. The least sophisticated consumer would reasonably understand that a check processed as an "electronic fund transfer" may therefore occur as soon as the date that Defendant receives the check, irrespective of postdating. Indeed, many banks routinely charge against the account of a customer a check that is otherwise payable but for the payment occurring prior to the date of the check.

42. The FDCPA, however, expressly prohibits "depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument. 15 U.S.C. §1692f(4).

43. The January 13, 2021 letter advised that:

> **NOTICE – SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS**

44. The reverse side of the January 13, 2021 letter contained notices of Plaintiff's rights with respect to the SPRINT obligation.

45. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

46. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

47. ERC knew or should have known that its actions violated the FDCPA.

48. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

49. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

    (c) Making a false representation of the character, amount or legal status of the debt; and

    (d) Using unfair or unconscionable means to collect or attempt to collect any debt.

50. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*  VIOLATIONS

51.Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

52.Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

53.As described herein, Defendant violated various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e; §1692e(2)(A); §1692e(5); § 1692e(10); § 1692f and § 1692f(4).

54.Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

55.Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

56.Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that if Plaintiff accepted and completed the settlement offer, that the Sprint obligation would be settled in full.

57.Defendants violated 15 U.S.C. § 1692e of the FDCPA by failing to provide Plaintiff with a material term of the settlement. Specifically, Defendant did not advise that even if Plaintiff completed the settlement offer, a residual balance would still be owed to SPRINT which would need to be paid before reestablishing service with SPRINT.

58.As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

59.Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

60. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

61. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

62. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of any debt.

63. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that accepting and completing the settlement offer would conclude the matter. In fact, Plaintiff would be required to pay the residual balance before Plaintiff could establish a new account with SPRINT.

64. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

65. Defendants violated 15 U.S.C. § 1692e(5) by threatening to deposit postdated checks as soon as the same day ERC received them.

66. As described herein, Defendants violated 15 U.S.C. § 1692e(5).

67. Defendant's threat to deposit any payment made by check as soon as the same day that the check is received, even if the check is postdated, cannot be taken under the FDCPA.

68. Alternatively, Defendant did not intend to deposit a postdated check as soon as the same day that the check is received.

69. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

70. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

71. As described herein, Defendants violated 15 U.S.C. § 1692f et seq. by using unfair or unconscionable means to collect or attempt to collect the debt.

72. 15 U.S.C. § 1692f(4) prohibits a debt collector from depositing or threatening to deposit any postdated check or other postdated instrument prior to the date on such check or instrument.

73. Defendant violated 15 U.S.C. § 1692f(4) by threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

74. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

75. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

76. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

77. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

78. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

79. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

80. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

  (c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

  (d) Awarding pre-judgment interest;

  (e) Awarding post-judgment interest.

  (f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

  (g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 19, 2021

Respectfully submitted,

By: *s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
Phone: (973) 227-5900
Fax: (973) 244-0019
*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: November 19, 2021

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
Phone: (973) 227-5900
Fax: (973) 244-0019
*Attorneys for Plaintiff*

# EXHIBIT

# A



January 13, 2021
**Creditor:** Sprint, subsidiary of T-Mobile
**Original Creditor:** Sprint
**Account Number:** XXXXX1751
**Amount of Debt:** $2,235.53
**Reference Number:** ███████994

CASSANDRA SANTIAGO

Our records indicate that your balance with Sprint, now part of the T-Mobile Network, remains unpaid; therefore, your account has been placed with ERC® for collection efforts. We are authorized to settle your account for less than the full original balance in the amount of $1,117.77.

Upon completion of the settlement agreement, all future collection efforts will cease, and the residual balance will remain with Sprint.

This serves as notice to you that ERC® has been authorized to report your delinquent account to the national credit bureaus when allowed by applicable law.

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic funds transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic funds transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

PAP-2150-C-0




For self-service options, please visit our website at https://ssp.ercbpo.com.
Telephone: (800) 459-0815 Toll Free. All calls are recorded and may be monitored for training purposes.
Send correspondence to: ERC®, P.O. Box 57610, Jacksonville, FL 32241
Office Hours (Eastern Time): Mon-Thurs: 8:00 am-11:00 pm, Fri: 8:00 am-10:00 pm, Sat: 8:00 am-8:00 pm
Pay with cash at participating locations free of charge. See reverse for details.

**This is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.**
NOTICE - SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS

Please do not send correspondence to this address.
P.O. BOX 1259, Dept 98696
Oaks, PA 19456

January 13, 2021

IF PAYING BY CREDIT OR DEBIT CARD, FILL OUT BELOW
OR IF PAYING BY CHECK OR MONEY ORDER PLEASE REMIT TO ADDRESS BELOW.
☐ VISA   ☐ MasterCard    BILLING ZIP
CARD NUMBER
SIGNATURE                        EXP. DATE
REFERENCE NUMBER       AMOUNT PAID
███████994            $

CASSANDRA SANTIAGO

147168 - 10598

ERC®
P.O. Box 23870
Jacksonville, FL 32241-3870